IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

VIRGINIA SCOTT DEVLIN            )
                                )
            Plaintiff,           )
                                )
v.                              )        Case No. 11-0698-CV-W-HFS
                                )
MANUEL MACHADO, JR.              )
                                )
            Defendant.           )

**ORDER**

Before the court is pro se defendant's motion for relief from judgment (doc. 4). Also, before

the court is plaintiff's motion to remand (doc. 7) and motion to extend stay (doc. 14). For the

following reasons, remand will be granted.

<u>Background</u>

Approximately ten years ago, plaintiff obtained a judgment against defendant in the Superior

Court of the State of Connecticut dissolving the parties' marriage and ordering, among other things,

that defendant pay plaintiff alimony in the amount of three hundred dollars ($300.00) a week and

a lump sum payment of eight thousand ninety-five dollars ($8095.00) for unpaid temporary alimony

"the Connecticut Judgment."[1] Plaintiff states that to-date, defendant has failed to pay alimony of

approximately one hundred sixty four thousand dollars ($164,000.00), exclusive of interests and

costs.

---

[1] Attached to remand motion as Exh. A; *"Devlin-Machado v. Machado" Case No. FA-01-0083082-S, (Conn. Super. Ct. June 29, 2001).*

Defendant now resides in Missouri, and on February 18, 2011, plaintiff registered the Connecticut Judgment and filed a motion for civil contempt citation in the Circuit Court of Carroll County, Missouri, *In re the Marriage of: Virginia Scott Devlin v. Manuel Machado, Jr., Case No. 11-CR-CC00018* "the Contempt Motion." On February 22, 2011, the Missouri court set a hearing date of April 14, 2011 and issued an Order to Show Cause along with the Contempt Motion, which was served on defendant on February 27, 2011.

Defendant, initially appearing pro se, filed a Motion to Dismiss and a supplemental brief arguing that the Connecticut Judgment was void and unenforceable because his disability benefits received through the Department of Veteran Affairs "VA" were not subject to garnishment and that the Connecticut court denied him due process. Defendant also argued that some of the amount owed to plaintiff should be set-off by mortgage and other payments he made. On April 11, 2011, defendant retained counsel who sought a continuance of the hearing date to June 8, 2011. On that date, defense counsel filed a brief contending that the Connecticut Judgment was void because it considered VA disability benefits in calculating the alimony payments. The Missouri court then continued the hearing to June 16, 2011, and at the conclusion of the hearing the court reserved judgment.

On July 12, 2011, the court entered judgment in favor of plaintiff. (Defendant's Notice of Filing: Judgment Entry). The court determined that the Connecticut Judgment was properly registered with the court and fully enforceable in Missouri, but declined to rule on those provisions of the Connecticut Judgment that pertained to payment of health insurance for plaintiff and for repairs made to plaintiff's residence. (Id: ¶¶ 1- 2). In reliance on <u>Rose v. Rose</u>, 481 U.S. 619 (1987), the Missouri court held that state courts can impose contempt sanctions for a veteran's failure to pay child support, and by extension, alimony or maintenance, even if the veteran's sole source of income is veteran's disability benefits. (Id: ¶ 4). The Missouri court concluded that defendant was in

deliberate and willful contempt due to his failure to pay alimony, and continued the case to August 1, 2011, for consideration of proper sanctions. (Id).

On July 15, 2011, defendant removed the action to this court claiming federal question jurisdiction pursuant to 28 U.S.C. 1331, as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Discussion

Standard of Review for Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a district court will remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Johnson v. LaSalle Bank Nat. Ass'n., 663 F.Supp.2d 747, 752 (D.Minn. 2009); citing, 28 U.S.C. § 1447(c). "In reviewing a Motion to Remand, the District Court must resolve all doubts in favor of a remand to State Court, and the party opposing a remand bears the burden of establishing Federal jurisdiction." Id; citing, Peterson v. BASF Corp., 12 F.Supp.2d 964, 968 (D.Minn. 1998).

Plaintiff argues that, pursuant to Fed.R.Civ.P. 28 U.S.C. § 1446, removal of this action is untimely because the contempt motion was served on defendant on February 27, 2011, and the removal notice of July 15, 2011, was filed more than thirty days after service of contempt. It is noted, however, that while jurisdictional issues must be addressed by the court before any other issues, a procedural defect in removal, such as untimeliness, does not affect the federal court's jurisdiction. Hayes v. Pharmacists Mut. Ins. Co., 276 F.Supp.2d 985, 987 (W.D.Mo. 2003).

Plaintiff also argues that, pursuant to 28 U.S.C. § 1441(b), diversity is lacking because defendant is a citizen of Missouri, the forum state where this action was brought. Sec. 1441(b) provides that in the event of a non-federal question case, removal is permissible only if none of the

parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. Horton v. Conklin, 431 F.3d 602, 604 (8th Cir. 2005). However, where the district court has original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States, removal is permissible without regard to the citizenship or residence of the parties. It appears that here, defendant based removal on a federal question, i.e. whether he was liable for payment of past due alimony payments when his sole source of income are comprised of veterans disability benefits, pursuant to 38 U.S.C. § 5301(a).

Defendant claims that a federal question exists under § 5301(a) as to whether VA disability benefits may be attached to court ruled alimony payments. Although defendant argues otherwise, the Supreme Court has held that, as an exception to the federal anti-attachment provision, "Congress clearly intended veterans' disability benefits to be used, in part, for the support of veterans' dependents." Angell v. Angell, 791 N.W.2d 530, 537 (Minn. 2010); quoting, Rose, 481 U.S., at 631; see also, In re Marriage of Anderson, 522 N.W.2d 99, 101 (Iowa App. 1994) (expanding the Rose decision to also include alimony payments). As even defendant concedes in his brief (Suggestions in Opposition to Remand: pg. 4), federal question jurisdiction exists if the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Arnold v. First Greensboro Home Equity Inc., 327 F.Supp.2d 1022, 1025 (E.D.Mo. 2004). Here, the complaint filed before state court does not state a cause of action created by federal law. Moreover, a federal defense, including a defense that one or more claims are preempted by federal law does not give defendant the right to remove to federal court. Id, ("Congress has long since decided that federal defenses do not provide a basis for removal."). Thus, a case may not be removed to federal court on the basis of a defense, even if the defense is anticipated in the plaintiff's complaint and even if both

parties admit the defense is the only question truly at issue in the case. <u>Arnold</u>, 327 F.Supp.2d at, 1025-26.

However, the Supreme Court in <u>Rose</u> did not rule on the preemptive force of the federal child support enforcement provisions. <u>Jackson v. Rapps</u>, 746 F.Supp. 934, 940-41 (W.D.Mo. 1990). Rather, the Court held only that the state statute in question did not conflict with the federal law, and, therefore, preemption did not occur. <u>Id</u>; <u>citing</u>, <u>Rose v. Rose</u>, 481 U.S. at, 634-35.

Nevertheless, subject matter jurisdiction is lacking under the <u>Rooker-Feldman</u> doctrine. "Subject matter jurisdiction is a threshold requirement which must be assured in every federal case," and as established by the <u>Rooker-Feldman</u> doctrine, federal district courts do not possess subject matter jurisdiction over challenges to state court decisions. <u>Christ's Household of Faith v. Ramsey County</u>, 618 F.Supp.2d 1040, 1043 (D.Minn. 2009); <u>citing</u>, <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 283 (2005); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923). The doctrine applies to cases brought by a state-court loser complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. <u>Ramsey</u>, at 1043-44.

Here, defendant removed the state court action to this court and seeks to overturn the judgment rendered by the state court which upheld the payment of alimony to plaintiff notwithstanding defendant's claimed sole source of income, i.e. Veteran's disability income. Additionally, it is undisputed that the state court judgment was rendered prior to the commencement of proceedings in this court, thus, subject-matter jurisdiction is lacking and this action must be

remanded.[2]

Finally, plaintiff requests that defendant be directed to pay her costs, expenses and attorney fees incurred as a result of the removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." Johnson, 663 F.Supp.2d, at 755. The question of whether costs and expenses should be imposed is left to the court's discretion, to be exercised based on the nature of the remand. Id.

While defendant's argument that his VA benefits could not be attached for alimony purposes was not persuasive, an objectively reasonable basis for removal was made alleging the existence of a federal question, i.e. 38 U.S.C. § 5301 and preemption. The issue at bar has been discussed in various jurisdictions, with some confusion about the applicability of Rose, by parties in domestic relation cases.[3]   Therefore, an award for costs and fees will not be granted. Jones v. Valspar Corporation, 2011 WL 3358141 *4 (W.D.Mo.) (Though the court remands this action, it nonetheless finds that defendants had a reasonable basis for removing this case).

Accordingly, it is hereby

ORDERED that defendant's motion for relief from judgment (ECF doc. 4) is DENIED as moot. It is further

_____

[2]It is unclear as to whether the hearing to consider sanctions took place, or has been continued. Nevertheless, under Younger v. Harris, 401 U.S. 37 (1971), a federal court should abstain from jurisdiction where as here: (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented. Carper v. Nebraska, 2010 WL 2485950 * 2, n.3 (D.Neb).

[3]See, Cote v. Cote, 2011 WL 3524398 (Vt.) (Rose not applicable for including husband's veterans' benefits in calculating disposable income for alimony garnishment); Angell v. Angell, 791 N.W. 2d 530 (Minn. 2010) (the exception to anti-attachment provisions set forth in Rose does not apply here regarding the stated beneficiary of a federal insurance policy); Steiner v. Steiner, 788 So.2d 771, 778 (Miss. 2001) (recognized conflicting opinions regarding whether disability benefits may be applied in any way toward alimony).

ORDERED that plaintiff's motion to remand (ECF doc. 7) is GRANTED. The above captioned case is REMANDED to the Circuit Court of Carroll County, Missouri within seven days from the date of this order. It is further

ORDERED that plaintiff's motion for a stay (ECF doc. 14) is DENIED as moot. It is further

ORDERED that the clerk of the court mail a copy of this order by regular mail, and certified mail, return receipt to defendant at:

402 N. Monroe Street

Carrollton, Missouri 64633

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

November  21 , 2011

Kansas City, Missouri